IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | |
|---|---|
| XAVIER HOPKINS, MARCUS SIMMS, DONYA JACKSON, AND JONTAVIUS PRUIT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 09 CV 6877 ) ) |
| UNKNOWN CHICAGO POLICE OFFICERS, and THE CITY OF CHICAGO, | ) ) Jury Trial Demanded ) ) |
| Defendants. | ) |

_____

## COMPLAINT

### COUNT I - FALSE ARREST

Plaintiffs, through their attorneys, Thomas Peters and Kevin Peters, state:

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues, and this case is brought pursuant to 42 U.S.C. § 1983.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiffs' constitutional rights under the Fourth Amendment, as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiffs are citizens of the United States and residents of Chicago, Illinois.

6. Unknown Chicago Police Officers were on duty and acting under color of state law at all times relevant to this Complaint. The Unknown Officers are being sued in their individual capacity.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of the Unknown Chicago Police Officers.

## THE FALSE ARREST

8. On July 3, 2009, Plaintiffs were in Xavier Hopkins' vehicle, which was being driven by Xavier Hopkins at approximately 115th and Prairie streets in Chicago, in the late evening hours.

9. Xavier Hopkins had not violated any traffic law or statute before being stopped by the unknown Chicago police officers.

10. No one inside Mr. Hopkins' vehicle had violated any city ordinance, county, state, or federal law before being stopped by unknown Chicago police officers.

11. Defendants were in a marked Chicago Police Department squad car.

12. Defendants activated the police squad car lights indicating the Plaintiff's vehicle should stop.

13. Defendants did not witness Plaintiffs violate any City, State, or Federal law before activating the emergency lights.

14. Xavier Hopkins stopped the vehicle as soon as was practical to stop.

15. Defendants did not have a search warrant for any of the Plaintiffs or for the vehicle Plaintiffs occupied.

16. Defendants approached the vehicle and ordered Plaintiffs out of the vehicle.

17. Plaintiffs complied with Defendants' order, even though they had not violated any law.

18. After exiting the vehicle, Plaintiffs were handcuffed and placed under arrest.

19. Absent probable cause, and absent Xavier Hopkins' consent, one of the two uniformed Chicago Police Officers proceeded to search the vehicle.

20. At one point the Defendant officers opened the trunk of the vehicle and upon finding bottles of liquor threw the bottles of liquor to the ground, breaking the bottles.

21. At all times during the stop the unknown officers, who were Caucasian, continuously used racial slurs directed at the Plaintiffs who are African American.

22. After a complete search of the vehicle, no weapons, narcotics, or any other illegal activity were discovered in the vehicle or on any of the Plaintiffs.

23. None of the Plaintiffs were charged with any criminal violations after the

completion of the illegal search and arrest by the unknown Chicago police officers.

24. As a direct and proximate result of the unconstitutional conduct of Defendants, Plaintiffs suffered actual harm.

Wherefore, Plaintiffs pray this Honorable Court award them actual and punitive damages as well as costs and reasonable attorneys fees against Defendants Unknown Chicago Police Officers.

## COUNT II - STATUTORY INDEMNIFICATION

1-24. Plaintiffs re-allege paragraphs 1-24 of Count I as paragraphs 1-24 of Count II.

25. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

26. Defendant Unknown Chicago Police Officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiffs pray the Court will award them actual damages and costs against the City of Chicago.

Respectfully Submitted,

s/ Thomas Peters
THOMAS PETERS
KEVIN PETERS
ATTORNEYS FOR PLAINTIFFS
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
(312) 697-0022